HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, on its own behalf and as trustee on behalf of the Lummi Nation,<br><br>        Plaintiffs,<br><br>        v.<br><br>KEITH E. MILNER and SHIRLEY A. MILNER,<br><br>        Defendants.<br>_____<br>UNITED STATES OF AMERICA, on its own behalf and as trustee on behalf of the Lummi Nation,<br><br>        Plaintiff,<br><br>        v.<br><br>MARY D. SHARP,<br><br>        Defendant.<br>_____<br>UNITED STATES OF AMERICA, on its own behalf and as trustee on behalf of the Lummi Nation,<br><br>        Plaintiff,<br><br>        v.<br><br>BRENT C. NICHOLSON and MARY K. NICHOLSON,<br><br>        Defendants.<br>_____ | Case No. C01-0809 RBL<br><br>ORDER DENYING DEFENDANTS' MOTION FOR FEES UNDER THE EAJA |

ORDER
Page - 1

| | |
|---|---|
| UNITED STATES OF AMERICA, on its own behalf and as trustee on behalf of the Lummi Nation, | |
| Plaintiffs, | |
| v. | |
| HARRY F. CASE, | |
| Defendant. | |
| UNITED STATES OF AMERICA, on its own behalf and as trustee on behalf of the Lummi Nation, | |
| Plaintiff, | |
| v. | |
| IAN C. BENNETT and MARCIA A. BOYD, | |
| Defendants. | |
| UNITED STATES OF AMERICA, on its own behalf and as trustee on behalf of the Lummi Nation, | |
| Plaintiff, | |
| v. | |
| DONALD C. WALKER and GLORIA WALKER, | |
| Defendants. | |
| THE LUMMI NATION, | |
| Intervenor-Plaintiff. | |

This matter is before the court on the defendants' Motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. [Dkt. #367] Defendants Milner, Bennett and Boyd argue that because the United States ultimately dismissed its Clean Water Act claims against them without prejudice, they are entitled to reimbursement of the approximately $26,500 in fees and costs they spent in defending the claims.

The EAJA provides in relevant part:

**(d)(1)(A)** Except as otherwise specifically provided by statute, a court shall award to a prevailing party, other than the United States, fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The defendants argue that they are the prevailing parties under the statute, and that the government has not met its burden[1] to establish that its position in the litigation was "substantially justified."

The government argues that the litigation was substantially justified, and that the defendants are not "prevailing parties" under the EAJA because the case against them was dismissed voluntarily, without prejudice, and not on the merits. It cites *Buckhannon Board and Care Home, Inc. V. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001) for the proposition that in order to "prevail" for purposes of the EAJ, a party must "obtain through judgment or consent decree some relief on the merits." *See also Perez-Arellano v. Smith*, 279 F.3d 791 (9th Cir. 2002).

However, as the plaintiffs point out, *Buckhannon* and its progeny describe what a *plaintiff* must achieve in order to be considered to have "prevailed" under the EAJA. A plaintiff initiates a lawsuit and if he does not achieve some form of relief, he has not prevailed. But a *defendant* does not choose to participate in a lawsuit, and if at the end of the day the status quo is maintained, he has for all intents and purposes "prevailed" – he does not have to obtain relief in order to win. The court agrees that the lack of a "judicially sanctioned" resolution in the defendants' favor does not preclude them from being the prevailing party under *Buckhannon*.

But this conclusion does not fully answer the question in this case. The government did prevail on two of the three claims it asserted. While the defendants do not seek the fees they incurred in defending the other two claims, the fact they lost on those claims does lend some support for the government's

---

[1]*See Photo Data v. Sawyer*, 533 F.Supp 348 (D.C.1982).

ORDER
Page - 3

position that its claim arising out of the placement, existence and maintenance of the defendants' respective revetments was substantially justified.

The court agrees[2] that the defendants' entitlement to fees under the EAJA depends on the "substantial justification" of the government's position, and that the government bears the burden of establishing that justification. The test for whether the government is substantially justified is one of reasonableness. Substantially justified does not mean "'justified to a high degree," but rather "justified in substance or in the main"--that is, justified to a degree that could satisfy a reasonable person. Put another way, substantially justified means there is a dispute over which "reasonable minds could differ." *See Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

The Government argues that each defendant is subject to a permanent injunction, and lost on two of the three claims it brought against them. It also emphasizes that this court has already ruled that the fact that a defendant did not physically place an offending bulkhead in the Corps' CWA jurisdiction does not preclude a finding of liability for an offending structure. Judge Rothstein also made rulings in the case that bind the Defendants and their use of the their property even after the CWA claim was voluntarily dismissed.

Defendants argue that there was no evidence they placed prohibited material on the beach, and argue that the government's role in this litigation was to act "as a hammer" to convince the Defendants and their neighbors to settle their disputes with the landowners on the waterward side, the Lummi Tribe.

The court is well aware of these allegations, and of the conflicting expert opinions available as to the location of the mean high water line, the mean higher high water line, the transient nature of these lines, and the difficulty in measuring them at all, much less establishing them over time. The court found in the Nicholson case that the Nicholson's seawall did in fact encroach onto the tidelands. The remaining

---

[2] It is also apparent to the court that the rates charged and the total amount sought by the defendants is reasonable. If the court were inclined to award fees, the government's argument that the EAJA "cap" applies to this case would be persuasive under the authority of *Pierce v. Underwood*, 487 U.S. 552 (1988).

defendants' sea walls were similarly constructed and maintained, and were in similar locations. They moved or added rocks to their revetments, and it was previously determined that one may be liable for a discharge even if he did not originally place the offending material (and even if the material was not offending when it was placed).

The government's position on the litigation against the moving defendants was substantially justified, despite the fact they did not pursue that claim to judgment. Its position was one upon which reasonable minds could – and did – differ.

The Court therefore will not award attorneys' fees and costs to the moving defendants in this case. Their Motion [Dkt. #367] under the EAJA is DENIED.

Dated this 15th day of November, 2005.

_Ronald B. Leighton_
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE