Judge Leighton

01-CV-00809-CNST

FILED ____ LODGED
____ RECEIVED

DEC 18 2006

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, on )
its own behalf and as trustee on behalf )
of the Lummi Nation, )
)     NO. C01-0809RBL
            Plaintiff, )
    v. )
) CONSENT DECREE BETWEEN
KEITH E. MILNER AND ) PLAINTIFF UNITED STATES OF
SHIRLEY A. MILNER, ) AMERICA AND DEFENDANTS
) DONALD C. WALKER AND GLORIA
            Defendants. ) WALKER
_____)
)
THE LUMMI NATION, )
)
    Intervenor-Plaintiff. )
_____)

WHEREAS defendants Donald C. Walker and Gloria Walker are the owners in fee of certain residential real property located in Whatcom County, Washington, the legal description of which is:

Lot A, North Cape, Division 2 Short Plat, as recorded in Book 11 of Short Plats, Page 73 in the Auditor's Office of Whatcom County, Washington

and which is commonly referred to by its street address of 4081 Sucia Drive, Ferndale, Washington (hereafter "the Walker property"); and

WHEREAS the parties agree that plaintiff, the United States of America, is the owner of all real property which is situated waterward of the line of mean high water (MHW), wherever that elevation intersects the Walker property at any point in time, to the low water mark on the Strait of Georgia (hereafter "the Lummi tidelands"); and

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DONALD C. WALKER AND GLORIA WALKER - 1
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1  WHEREAS the parties agree that the United States holds the Lummi Tidelands in trust for the Lummi Nation, the beneficial owner thereof; and

WHEREAS defendants Donald C. Walker and Gloria Walker have erected, and are presently maintaining, a shore defense structure attached to the Walker property, consisting of a pile of large boulders commonly known as "riprap;" and

WHEREAS on May 31, 2001, plaintiff United States of America, in its capacity as trustee for the Lummi Nation, and also on behalf of the United States Army Corps of Engineers ("ACOE"), filed a complaint herein against defendants Donald C. Walker and Gloria Walker, alleging that defendants Donald C. Walker and Gloria Walker have trespassed and have continued to trespass on property of the United States by maintaining their shore defense structure on the Lummi tidelands, have violated and have continued to violate Section 10 of the Rivers and Harbors Act, 33 U.S.C. § 403, by maintaining their shore defense structure in navigable waters of the United States, and have violated and have continued to violate Section 301(a) of the Clean Water Act ("CWA"), 33 U.S.C. § 1311(a), by erecting and maintaining their shore defense structure in waters of the United States without a permit issued by the ACOE; and

WHEREAS intervenor-plaintiff Lummi Nation filed a complaint in intervention on December 7, 2001, against defendants, Donald C. Walker and Gloria Walker, alleging that defendants Donald C. Walker and Gloria Walker have trespassed and have continued to trespass on trust property by maintaining their shore defense structure on the Lummi tidelands; and

WHEREAS plaintiff United States, intervenor-plaintiff Lummi Nation and defendants Donald C. Walker and Gloria Walker wish to settle and compromise these claims; and

WHEREAS this Consent Decree is intended to constitute a complete and final settlement of the claims of plaintiff United States and intervenor-plaintiff Lummi Nation set forth in their respective complaints against defendants Donald C. Walker and Gloria Walker; and

WHEREAS plaintiff United States, intervenor-plaintiff Lummi Nation, and defendants

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DONALD C. WALKER AND GLORIA WALKER - 2
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

Donald C. Walker and Gloria Walker agree that settlement of this claim is in the public interest and that entry of this Consent Decree is the most appropriate means of resolving the claims of plaintiff United States and of intervenor-plaintiff Lummi Nation against defendants Donald C. Walker and Gloria Walker in this case; and

WHEREAS the Court finds that this Consent Decree is a reasonable and fair settlement of the claims of plaintiff United States and of intervenor-plaintiff Lummi Nation against Donald C. Walker and Gloria Walker in this case and that this Consent Decree adequately protects the public interest in accordance with the CWA and all other applicable federal laws.

NOW THEREFORE, before the taking of any testimony upon the pleadings, without further adjudication of any issue of fact or law, and upon consent of the parties hereto by their authorized representatives, it is hereby ORDERED, ADJUDGED, and DECREED, as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of these actions and over the parties pursuant to 28 U.S.C. §§ 1331, 1345 and 1355 and 33 U.S.C. §§ 403, 406, 1319 and 1344. The complaint states a claim upon which relief can be granted pursuant to 33 U.S.C. §§ 403, 1311 and 1344, and for trespass.

2. Venue is proper in the Western District of Washington, because the acts alleged herein occurred in this judicial district and, in addition, because defendants Donald C. Walker and Gloria Walker reside in this judicial district.

## II. APPLICABILITY

3. The obligations of this Consent Decree shall run with the land and shall apply to and be binding upon defendants, their officers, directors, agents, employees and servants, and their successors and assigns, and any person, firm, association or corporation who is, or will be, acting in concert or participation with defendants Donald C. Walker and Gloria Walker whether or not such person has notice of this Consent Decree. All obligations imposed in this Consent Decree on defendants Donald C. Walker and Gloria Walker shall also apply to any successors in interest of Donald C. and Gloria Walker in the Walker property, unless

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND DEFENDANTS DONALD C. WALKER AND GLORIA WALKER - 3
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

otherwise specifically stated in this Consent Decree. In any action to enforce this Consent Decree against defendants Donald C. Walker and Gloria Walker, they shall not raise as a defense the failure of any of its officers, directors, agents, employees, successors or assigns or any person, firm or corporation acting in concert or participation with them, to take any actions necessary to comply with the provisions hereof.

4. The transfer of ownership or other interest in the Walker property shall not alter or relieve defendants of their obligation to comply with all of the terms of this Consent Decree. At least fifteen (15) days prior to the transfer of ownership or other interest in the Walker property, the party making such transfer shall provide written notice and a true copy of this Consent Decree to their successors in interest, and shall simultaneously notify the United States Attorney for the Western District of Washington, at 5220 United States Courthouse, 700 Stewart Street, Seattle, Washington, 98101-1271, the District Counsel for the U.S. Army Corps of Engineers, at 4735 E. Marginal Way S., Seattle, Washington, 98134-2385, and the Lummi Indian Business Council, that such notice has been given. Defendants Donald C. Walker and Gloria Walker agree that as a condition to any such transfer, they shall reserve all rights necessary to comply with the terms of this Consent Decree.

### III. SCOPE OF CONSENT DECREE

5. This Consent Decree shall constitute a complete and final settlement of all civil claims for damages, injunctive relief and civil penalties alleged in the complaint against defendants Donald C. Walker and Gloria Walker. The United States, however, does not waive its rights concerning criminal violations pursuant to 33 U.S.C. § 1319(c), or concerning imminent and substantial endangerment pursuant to 33 U.S.C. § 1364.

6. It is a purpose of the parties in entering this Consent Decree to further the objectives set forth in CWA Section 101, 33 U.S.C. § 1251. Therefore, all obligations of this Consent Decree shall have the objective of causing defendants Donald C. Walker and Gloria Walker to achieve and maintain full compliance with, and to further the purposes of, the CWA.

7. The obligations of defendants Donald C. Walker and Gloria Walker under this

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DONALD C. WALKER AND GLORIA WALKER - 4
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

Consent Decree are joint and several.

8. This Consent Decree is not and shall not be interpreted to be a permit or modification of any existing permit issued pursuant to Sections 402 or 404 of the CWA, 33 U.S.C. §§ 1342 or 1344, or any other law. Nothing in this Consent Decree shall limit the ability of the United States Army Corps of Engineers to issue, modify, suspend, revoke or deny any individual permit or any nationwide or regional general permit, nor shall this Consent Decree limit the EPA's ability to exercise its authority pursuant to Section 404(c) of the CWA, 33 U.S.C. § 1344(c), or any other authority.

9. This Consent Decree in no way affects or relieves defendants Donald C. Walker and Gloria Walker of their responsibility to comply with any applicable federal, state, or local laws, regulations or permits.

10. This Consent Decree in no way affects the rights of the United States as against any person not a party to this Consent Decree.

11. The United States reserves any and all legal and equitable remedies available to enforce the provisions of this Consent Decree and applicable law.

12. Excepts as otherwise stated, nothing in this Consent Decree shall constitute an admission of fact or law by any party.

13. This Consent Decree is not a settlement of, and in no way affects, the rights of the United States to seek penalties injunctive relief, or remedial actions with respect to any violation by defendants Donald C. Walker and Gloria Walker of federal, state or local laws regulations or permit conditions not alleged in the complaint.

IV. SPECIFIC PROVISIONS PERTAINING TO CWA & RHA VIOLATIONS

A. INJUNCTIVE RELIEF

14. Defendants Donald C. Walker and Gloria Walker and their agents, successors and assigns are permanently enjoined from taking any actions, or causing others to take any actions, on their property which result in the discharge of dredged or fill material, including, but not limited to, rock or riprap, into waters of the United States, as defined by the CWA and regulations promulgated thereunder, except in compliance with an individual permit issued

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DONALD C. WALKER AND GLORIA WALKER - 5
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

pursuant to CWA Section 404(a), 33 U.S.C. § 1344(a), or with any applicable general permit authorized by the United States Army Corps of Engineers, and unless such discharge complies with the provisions of the CWA and its implementing regulations.

15. Defendants Donald C. Walker and Gloria Walker and their agents, successors and assigns are permanently enjoined from taking any actions, or causing others to take any actions, on their property which result in the discharge of dredged or fill material, including, but not limited to, rock or riprap, or the erection of any structures, in navigable waters of the United States, as defined by the RHA and regulations promulgated thereunder, except in compliance with an individual permit issued pursuant to RHA, 33 U.S.C. §§ 403 et seq., or with any applicable general permit authorized by the ACOE, and unless such discharge complies with the provisions of the RHA and its implementing regulations.

16. The parties acknowledge that Nationwide Permit 32 *Completed Enforcement Actions*, found at 67 Fed. Reg. 2019 (Jan. 15, 2002) ("NWP 32"), can be used to authorize fill that was placed as of November 14, 1997 at or near the waterward boundary of the Walker property to remain in place, subject to the terms and conditions provided in the Nationwide Permit and the terms and conditions of this Consent Decree. The Corps authorizes under NWP 32 only the fill placed on the Walker property on or before November 14, 1997. This NWP 32 does not authorize further work and neither defendants Donald C. Walker and Gloria Walker, nor their agents, successors or assigns, may repair, augment or otherwise engage in any maintenance of this structure without the prior express and written approval of the ACOE.

17. If at any time the Tidelands Use Agreement described in paragraph 22 of this Consent Decree is revoked or terminated for any reason, the right of defendants Donald C. Walker and Gloria Walker, or their successors-in-interest, the authorization under NWP 32 in Paragraph 16 allowing their shore defense structure to remain in place also shall terminate. Within 90 days of the date of such termination or revocation, defendants Donald C. Walker and Gloria Walker, or their successors-in-interest, shall remove their shore defense structure and take such other and further measures as may be reasonable and necessary to restore the land waterward of the high tide line, as defined by 33 C.F.R. § 328.3(d), as nearly as

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DONALD C. WALKER AND GLORIA WALKER - 6
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

practicable, to its pristine, natural, and unobstructed state. The foregoing is made a special condition of the NWP 32 authorized by the ACOE pursuant to Paragraph 16 of this Consent Decree. A failure to remove the shore defense structure may be enforced by the United States at its sole discretion as a breach of a NWP 32 condition, a breach of a term of this Consent Decree, or both.

### B. CIVIL PENALTIES

18. Defendants Donald C. Walker and Gloria Walker shall be jointly and severally liable to pay a civil penalty to the United States in the sum of FIVE-THOUSAND Dollars ($5,000.00) pursuant to Section 309(d) of the Clean Water Act, 33 U.S.C. § 1319(d), within 60 days of the entry of this Consent Decree. Defendants Donald C. Walker and Gloria Walker shall pay this and any other sums due under this agreement to the U.S. Department of Justice. Payment shall be made in accordance with instructions provided to the defendants by the Financial Litigation Unit of the United States Attorney's Office for the Western District of Washington. Amounts owed by defendants Donald C. Walker and Gloria Walker to the Lummi Nation pursuant to the Tidelands Use Agreement described in paragraph 22 of this Consent Decree shall be in addition to any sums due under this Consent Decree, and shall be paid according to the terms of the Tidelands Use Agreement directly to the Lummi Indian Business Council.

19. Civil penalty payments pursuant to this Consent Decree are penalties within the meaning of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), or of 26 C.F.R. § 1.162-21, and are not tax deductible expenditures for purposes of federal law.

### C. MITIGATION

20. Defendants Donald C. Walker and Gloria Walker shall, under the direction of the United States Army Corps of Engineers, and at their own expense, remove all rock that is not attached to their existing shore defense structure and which is either resting on or settled into the beach waterward of the toe of this structure. This obligation shall be a continuing obligation of defendants, and defendants shall be responsible for removing any such displaced rock at least one time each year. This rock must be removed from the beach and may not be

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DONALD C. WALKER AND GLORIA WALKER - 7
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

placed anywhere on the shore defense structure. This work should be accomplished in a manner that negates or minimizes adverse impact on the marine environment to the extent possible. This requirement shall be deemed to be a special condition of the NWP 32 authorized by the U.S. Army Corps of Engineers pursuant to this Consent Decree. A failure to remove displaced riprap as set forth in this paragraph may be enforced by the United States at its sole discretion as a breach of a special condition of the NWP 32, a breach of a term of this Consent Decree, or both. Within 60 days of the entry of this Consent Decree, defendants Donald C. Walker and Gloria Walker shall submit to the U.S. Army Corps of Engineers a plan for the removal of toppled or settled rock developed by a licensed engineer who specializes in either coastal engineering or coastal geomorphology. The plan shall be submitted to:

> Ms. Muffy Walker, Chief
> Seattle District Corps of Engineers Regulatory Branch
> Post Office Box 3755
> Seattle, Washington 98124-3755

Among other things, the plan shall designate the rocks to be removed, the method of removal, the time or times during which the removal will occur, the disposal location of the removed rock, an itemization of estimated costs associated with implementation of the plan, and a designation of the proposed date or proposed dates upon which the work will be conducted. The plan shall also make provisions for the annual removal of displaced rock. The ACOE will review this plan and either adopt the plan, adopt the plan with modifications, or reject the plan. In the event of a rejection, a revised plan shall be submitted by defendants Donald C. Walker and Gloria Walker within fourteen days. If the revised plan is also rejected, the ACOE may develop and approve a plan for the removal of isolated rocks waterward of the Walker property. It is understood and agreed that the ACOE may consult with other entities including, but not limited to, the Environmental Protection Agency, the National Marine Fisheries Service, the Fish and Wildlife Service, the Lummi Nation, and the State of Washington. Once a plan is approved, defendants Donald C. Walker and Gloria Walker shall complete the work as set forth in the adopted plan. The adopted plan shall be enforceable in

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DONALD C. WALKER AND GLORIA WALKER - 8
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1 accordance with Section VI of this Consent Decree. If defendants object to the approved plan,
2 they must lodge their objections with the Court in accordance with Section VIII of this
3 Consent Decree, within 21 days of the date of mailing of a copy of the approved plan to
4 defendants Donald C. Walker and Gloria Walker at the Walker property. In the event of such
5 objection, a date for implementation of any plan which emerges after the Court rules on the
6 objection shall be established by the Court after consultation with the parties, which date shall
7 be no later than one year after the date the objection is ruled upon by the Court.

V. SPECIFIC PROVISIONS PERTAINING TO TRESPASS VIOLATIONS

9  21.  Defendants Donald C. Walker and Gloria Walker hereby admit that plaintiff United States is the legal owner, and that plaintiff-intervenor Lummi Nation is the beneficial owner, of the land described above as the "Lummi Tidelands," and they hereby waive, on behalf of themselves, their heirs, assigns and successors-in-interest, any claim, whether legal or equitable, to any right, title, privilege or entitlement with respect to the land situated waterward of the line of mean high water wherever that elevation may intersect with the Walker property at any particular point in time, to the low water mark on the Strait of Georgia. The parties to this Consent Decree agree that the term "line of mean high water" shall mean the intersection of the elevation associated with the mean high water tidal datum, as set forth in the published bench mark sheet of the National Ocean Service of the National Oceanic and Atmospheric Administration, current at the time of measurement, for the Cherry Point Tidal Station, Station ID 9449424, with the land in its natural and unobstructed condition.

22.  Defendants Donald C. Walker and Gloria Walker have executed and shall remain bound by a Tidelands Use Agreement between themselves and plaintiff-intervenor Lummi Nation that allows, for specified terms of compensation, their presently existing shore defense structure to occupy that part of the Lummi Tidelands situated immediately waterward of the Walker property. This Tidelands Use Agreement has been reviewed and approved by the Bureau of Indian Affairs.

23.  Termination or revocation of the Tidelands Use Agreement shall also cause the

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DONALD C. WALKER AND GLORIA WALKER - 9
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1  termination of the authority afforded by this Consent Decree authorizing the shore defense
2  structure to remain in waters of the United States, as set forth in paragraph 17 of this Consent
3  Decree. In that event, however, all other terms of this Consent Decree shall remain binding.

### VI. STIPULATED PENALTIES AND ENFORCEMENT OF DECREE

24. Unless excused by the provisions of Section VII (Force Majeure) below, defendants Donald C. Walker and Gloria Walker shall incur the following stipulated penalties for failure to comply with any requirement of this Consent Decree (except for injunctive relief to which the United States reserves its rights under the CWA). The stipulated penalties shall be paid within five (5) days of the day of non-compliance.

    A. For day 1 up to and including day 30 of non-compliance: $100.00 per day.

    B. For day 30 up to and including day 60 of non-compliance: $500.00 per day.

    C. For day 60 and beyond of non-compliance: $1,000.00 per day.

25. Any stipulated penalties incurred under this Consent Decree shall be paid in accordance with instructions provided to the defendants by the Financial Litigation Unit of the United States Attorney's Office for the Western District of Washington.

26. In the event that defendants Donald C. Walker and Gloria Walker fail to make timely payment of any of the monies due pursuant to this Consent Decree, interest will be charged in accordance with the rate established by the Secretary of the Treasury pursuant to 31 U.S.C. § 3717, from the time payment is due until the time it is made.

27. Nothing in this Consent Decree shall be construed to limit any other remedies available to the United States for violations of this Consent Decree, such as the institution of contempt proceedings, or any provisions of law, including 33 U.S.C. § 1364. The stipulated penalties set forth above shall not limit the United States' right to apply to the Court for the maximum civil penalties allowed by the CWA per day of violation of the CWA. Any disputes about the liability of defendants Donald C. Walker and Gloria Walker for stipulated penalties that cannot be resolved by the parties hereto shall be resolved by motion to this Court, in

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DONALD C. WALKER AND GLORIA WALKER - 10
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

accordance with the Dispute Resolution provisions of Section VIII below.

## VII. FORCE MAJEURE

28. If an event occurs which causes or may cause defendants Donald C. Walker and Gloria Walker to fail fully and timely to comply with any requirement of this Consent Decree, defendants Donald C. Walker and Gloria Walker shall notify the attorneys of record for the United States in writing within fourteen (14) days of the date when they first learned of the event, or within fourteen (14) days of the date when they should have known of the event by the exercise of due diligence. The notice shall describe in detail: the event or events which have caused the violation, the anticipated length of time the violation may persist, the measures taken or intended to be taken to prevent or minimize the violation, and the timetable by which those measures will be implemented. Failure to comply with the notice requirements of this Section shall constitute a waiver of the right of defendants Donald C. Walker and Gloria Walker to obtain an extension of time under Paragraph 29 of this Consent Decree as to the particular violation involved. Defendants Donald C. Walker and Gloria Walker shall also give written notice within fourteen (14) days of the occurrence of any event which gives them reason to believe that such event will cause a violation of any provision of this Consent Decree.

29. If the parties to this Consent Decree agree that the violation of a provision of this Consent Decree has been or will be caused by circumstances beyond the control of defendants Donald C. Walker and Gloria Walker, or of any person or entity controlled by them, and that defendants Donald C. Walker and Gloria Walker and such persons or entities could not have reasonably foreseen and prevented such violation, the time for performance of such provision shall be extended in writing by the United States for a period equal to the actual delay resulting from such circumstances, and stipulated penalties shall not be due for the delay.

30. If the parties to this Consent Decree are unable to agree whether the violation was caused by circumstances beyond the control of defendants Donald C. Walker and Gloria Walker or any person or entity they control, or whether the length of time for fulfilling the provision should be extended, the matter may be submitted by any party to the Court for

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DONALD C. WALKER AND GLORIA WALKER - 11
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

resolution, in accordance with the requirements of Section VIII below. Defendants Donald C. Walker and Gloria Walker shall bear the burden of proving that any delay was caused by unforeseen circumstances beyond the control of defendants Donald C. Walker and Gloria Walker. If the violation is then determined to have been caused by circumstances beyond the control of defendants Donald C. Walker and Gloria Walker or of any person or entity controlled by defendants Donald C. Walker and Gloria Walker, and that defendants Donald C. Walker and Gloria Walker could not have reasonably foreseen and prevented such violation, defendants Donald C. Walker and Gloria Walker shall be excused as to that violation for the period of time the violation continues due to such circumstances.

31. Neither reasonably foreseeable technical problems, changes in financial circumstances, nor unanticipated or increased costs or expenses associated with the implementation of actions required by this Consent Decree shall serve as the basis for changes in this Consent Decree or extensions of time for the performance of its requirements.

## VIII. DISPUTE RESOLUTION

32. Any dispute arising under or with respect to this Consent Decree shall in the first instance be the subject of informal negotiations among the parties to this Consent Decree for a period of fifteen (15) working days from the time notice of the existence of the dispute is given. The period for negotiations may be extended by written agreement of the parties to this Consent Decree.

33. If a dispute cannot be resolved by informal negotiation under Paragraph 32 above, then the position advanced by the United States shall be considered binding unless, within fifteen (15) days after the end of the informal negotiations period, defendants Donald C. Walker and Gloria Walker file a petition with this Court setting forth the matter in dispute, the efforts made by the parties to resolve it, and defendants' proposed resolution. The United States shall have twenty (20) days to file a response to the petition of defendants Donald C. Walker and Gloria Walker with an alternative proposal for resolution of the dispute. In proceedings on any dispute under this Paragraph, defendants Donald C. Walker and Gloria Walker shall have the burden of showing that their proposal meets the

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DONALD C. WALKER AND GLORIA WALKER - 12
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

requirements of this Consent Decree.

34. The filing of a petition asking the Court to resolve a dispute shall not of itself extend or postpone any obligation of defendants Donald C. Walker and Gloria Walker under this Consent Decree, but the payment of stipulated penalties with respect to the disputed matter shall be stayed pending resolution of the dispute. To the extent defendants Donald C. Walker and Gloria Walker show that a delay or other noncompliance was due to a force majeure event or otherwise prevail on the disputed issue, stipulated penalties shall be excused.

35. The dispute resolution process set forth in Paragraph 32 of this Consent Decree may not be invoked for the purpose of resolving disputes arising under any Tidelands Use Agreement between the Lummi Nation and defendants Donald C. Walker and Gloria Walker, or their successors in interest.

## IX. PUBLIC COMMENT

36. Defendants Donald C. Walker and Gloria Walker consent to the entry of this Consent Decree without further notice. The parties acknowledge that after the lodging and before the entry of this Consent Decree, final approval by the United States is subject to the requirements of 28 C.F.R. § 50.7, which provides for public notice and comment. The United States reserves the right to withhold or withdraw its consent to the entry of this Consent Decree if the comments received disclose facts which lead the United States to conclude that the proposed judgment is inappropriate, improper, or inadequate. Defendants Donald C. Walker and Gloria Walker agree not to withdraw from, oppose entry of, or to challenge any provision of this Consent Decree, unless the United States has notified the defendants Donald C. Walker and Gloria Walker in writing that it no longer supports entry of the Consent Decree.

## X. CONTINUING JURISDICTION OF THE COURT

37. This Court shall retain jurisdiction over this action in order to enforce or modify the Consent Decree consistent with applicable law or to resolve all disputes arising hereunder as may be necessary or appropriate for construction or execution of this Consent Decree. During the pendency of the Consent Decree, defendants Donald C. Walker and Gloria

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DONALD C. WALKER AND GLORIA WALKER - 13
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1 | Walker, plaintiff United States, or intervenor-plaintiff Lummi Nation, may apply to the Court
2 | for any relief necessary to construe and effectuate the Consent Decree.

3 | ### XI. MODIFICATION

4 | 38. Upon its entry by the Court, this Consent Decree shall have the force and effect
5 | of a final judgment. Any modification of this Consent Decree shall be in writing, and shall
6 | not take effect unless signed by plaintiff United States, intervenor-plaintiff Lummi Nation, and
7 | defendants Donald C. Walker and Gloria Walker, and approved by the Court.

8 | ### XII. ATTORNEYS FEES AND COSTS

9 | 39. Plaintiff United States, intervenor-plaintiff Lummi Nation, and defendants
10 | Donald C. Walker and Gloria Walker, agree that they shall each bear their own costs of suit
11 | and attorneys fees incurred herein.

12 | ### XIII. RULE 54(b) CERTIFICATION

13 | 40. Plaintiff United States, intervenor-plaintiff Lummi Nation, and defendants
14 | Donald C. Walker and Gloria Walker agree both that there is no just reason for delay and that
15 | the Court may so conclude. Accordingly, pursuant to Rule 54(b), F.R.Civ.P., this Consent
16 | Decree against defendants Donald C. Walker and Gloria Walker shall be entered as a separate
17 | final judgment.

18 | ### XIV. WAIVER OF RIGHT OF APPEAL

19 | 41. Defendants Donald C. Walker and Gloria Walker hereby expressly waive any
20 | right of appeal they may have arising from this action.

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DONALD C. WALKER AND GLORIA WALKER - 14
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

## XV. RECORDATION

42. A copy of this Consent Decree may be recorded in Whatcom County and with the land title records of the Bureau of Indian Affairs. However, failure to record this Consent Decree shall not affect its validity.

IT IS SO ORDERED.

DATED this 18th day of December, 2006.

*/s/ Robert B. Leighton*
ROBERT B. LEIGHTON
United States District Judge

**ON BEHALF OF THE UNITED STATES:**

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

JOHN McKAY
United States Attorney
Western District of Washington


s/ Brian C. Kipnis                    Dated: 10/6/06
BRIAN C. KIPNIS
Assistant United States Attorney

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DONALD C. WALKER AND GLORIA WALKER - 15
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

**ON BEHALF OF THE LUMMI NATION:**

RAAS, JOHNSEN & STUEN

s/ Harry L. Johnsen          Dated: 10/6/06
HARRY L. JOHNSEN

OFFICE OF THE RESERVATION ATTORNEY

s/ Judith K. Bush            Dated: 10/6/06
JUDITH K. BUSH

**ON BEHALF OF DEFENDANTS DONALD C. WALKER AND GLORIA WALKER:**

BD LAW GROUP, PLLC

s/ Larry Daugert             Dated: 8/15/06
LARRY DAUGERT

Attorneys for Defendants Donald C. Walker and Gloria Walker

APPROVED:

s/ Donald C. Walker          Dated: 8/11/06
DONALD C. WALKER

s/ Gloria Walker             Dated: 8/11/06
GLORIA WALKER

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DONALD C. WALKER AND GLORIA WALKER - 16
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970