Judge Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, on its own behalf and as trustee on behalf of the Lummi Nation,<br><br>        Plaintiff,<br><br>   v.<br><br>BRENT C. NICHOLSON AND MARY KATHERINE NICHOLSON,<br><br>        Defendants.<br><br>THE LUMMI NATION,<br><br>        Intervenor-Plaintiff. | NO. C01-0809RBL<br><br>**CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND DEFENDANTS BRENT NICHOLSON AND MARY K. NICHOLSON** |

## CONSENT DECREE

WHEREAS defendants Brent C. Nicholson and Mary Katherine Nicholson, husband and wife, are the owners in fee of a certain residential real property located in Whatcom County, Washington, the legal description of which is:

    LOT 2, "MARILYN WALKER SHORT PLAT," BEING A PORTION OF LOTS 114, 115, AND 116, "SANDY POINT TRACTS NO. 4," AS RECORDED IN VOLUME 1 OF SHORT PLATS, PAGE 128, UNDER AUDITOR'S FILE NO. 1204736, RECORDS OF WHATCOM COUNTY, WASHINGTON

    SITUATE IN COUNTY OF WHATCOM, STATE OF WASHINGTON

and commonly referred to by its street address of 4093 Sucia Drive, Ferndale, Washington, 98248

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS BRENT C. NICHOLSON AND MARY K. NICHOLSON - 1
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

(hereafter "the Nicholson property"); and

WHEREAS plaintiff, the United States of America, is the owner of real property which adjoins the Nicholson property along the entire length of its western boundary, between the line of mean high water ("MHWL") and the low water mark on the Strait of Georgia (hereafter "the Lummi Tidelands"); and

WHEREAS the United States holds the Lummi Tidelands in trust for plaintiff-intervenor Lummi Nation, the beneficial owner thereof; and

WHEREAS defendants Brent C. Nicholson and Mary Katherine Nicholson have erected, and are presently maintaining, a shore defense structure attached to the Nicholson property, waterward of their residence, consisting of a vertical concrete bulkhead which is fronted by numerous large boulders commonly known as "riprap;" and

WHEREAS plaintiff United States of America, in its capacity as trustee for the Lummi Nation, and also on behalf of the United States Army Corps of Engineers ("ACOE"), filed a complaint herein against defendants Brent C. Nicholson and Mary Katherine Nicholson, alleging that defendants Brent C. Nicholson and Mary Katherine Nicholson had trespassed and were continuing to trespass on property of the United States by maintaining their shore defense structure on the Lummi Tidelands, had violated and were continuing to violate Section 10 of the Rivers and Harbors Act Appropriation Act of 1899 ("Rivers and Harbors Act"), 33 U.S.C. § 403, by maintaining their shore defense structure in waters of the United States, and had violated Section 301(a) of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1311(a), by discharging dredged or fill material into waters of the United States during the construction of the structure without a permit issued by the ACOE pursuant to Section 404 of the Clean Water Act, 33 U.S.C. §1344; and

WHEREAS intervenor-plaintiff Lummi Nation filed a complaint in intervention on December 7, 2001 against defendants Brent C. Nicholson and Mary Katherine Nicholson, alleging that defendants Brent C. Nicholson and Mary Katherine Nicholson had trespassed and were continuing to trespass on property of the United States held in trust for the Lummi Nation by maintaining their shore defense structure on the Lummi Tidelands; and

WHEREAS the Court, by Order entered on June 19, 2003, determined that defendants Brent C.

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS BRENT C. NICHOLSON AND MARY K. NICHOLSON - 2
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

Nicholson and Mary Katherine Nicholson, by maintaining their shore defense structure on the Lummi Tidelands without authorization, were liable for trespass; and

WHEREAS the Court, in the same order, determined that defendants Brent C. Nicholson and Mary Katherine Nicholson, by maintaining their shore defense structure in waters of the United States without authorization from the ACOE, were violating Section 10 of the Rivers and Harbors Act, 33 U.S.C. § 403; and

WHEREAS the Court, by Order entered June 2, 2003, determined that defendants Brent C. Nicholson and Mary Katherine Nicholson, had discharged dredged or fill material into waters of the United States during the construction of their shore defense structure without a permit issued pursuant to Section 404(a) of the Clean Water Act, 33 U.S.C. § 1344(a), and had thereby violated Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), and were therefore liable under Section 309(d) of the Clean Water Act, 33 U.S.C. 1319(d); and

WHEREAS, following a penalty hearing, judgment was entered against defendants Brent C. Nicholson and Mary Katherine Nicholson on June 16, 2005; and

WHEREAS, on appeal, the judgment was affirmed insofar as this Court determined that defendants Brent C. Nicholson and Mary Katherine Nicholson had committed a trespass and violated Section 10 of the Rivers and Harbors Act, but was reversed and remanded on the Clean Water Act cause of action, *United States v. Milner*, 583 F.3d 1174 (9th Cir. 2009), *cert. denied*, ___ U.S. ___, 130 S.Ct. 3273 (2010); and

WHEREAS the mandate of the Court of Appeals was filed in the District Court on December 1, 2009; and

WHEREAS the case is now pending before this Court pursuant to the remand of the Court of Appeals for further proceedings in regard to the United States' Clean Water Act cause of action; and

WHEREAS on April 22, 2010, defendants Brent C. Nicholson and Mary Katherine Nicholson filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Washington; and

WHEREAS by order dated January 14, 2011, this Court determined that the automatic stay resulting from the filing of the bankruptcy petition was inapplicable to this action; and

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS BRENT C. NICHOLSON AND MARY K. NICHOLSON - 3
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

WHEREAS plaintiff United States, and defendants Brent C. Nicholson and Mary Katherine Nicholson now wish to settle and compromise the remaining issues in this case; and

WHEREAS in furtherance thereof, this Consent Decree is intended to constitute a complete and final settlement of all remaining claims and disputes at issue in the above-captioned lawsuit as between plaintiff United States of America and defendants Brent C. Nicholson and Mary Katherine Nicholson; and

WHEREAS plaintiff United States of America and defendants Brent C. Nicholson and Mary Katherine Nicholson, agree that this settlement is in the public interest and that entry of this Consent Decree is the most appropriate means of resolving the remaining issues in dispute between plaintiff United States of America against defendants Brent C. Nicholson and Mary Katherine Nicholson in this case; and

WHEREAS, the Court finds that this Consent Decree is a reasonable and fair settlement of the remaining claims of plaintiff United States of America against defendants Brent C. Nicholson and Mary Katherine Nicholson in this case, and that this Consent Decree adequately protects the public interest in accordance with the Clean Water Act, and all other applicable federal laws.

NOW THEREFORE, without further adjudication of any issue of fact or law, and upon consent of the parties hereto and their authorized representatives, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action and over the parties.

2. Venue is proper in the Western District of Washington

## II. APPLICABILITY

3. Insofar as this Consent Decree obligates defendants Brent C. Nicholson and Mary Katherine Nicholson to pay civil penalties to the United States, that obligation shall be a personal obligation of defendants Brent C. Nicholson and Mary Katherine Nicholson, jointly and severally, and shall remain so regardless of any subsequent alienation or conveyance by them of the Nicholson property.

4. All other provisions of this Consent Decree shall apply to and be binding upon

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS BRENT C. NICHOLSON AND MARY K. NICHOLSON - 4
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

defendants Brent C. Nicholson and Mary Katherine Nicholson, their representatives, agent, employees, devisees, heirs and assigns, and to any other person who shall hereafter acquire an interest in the Nicholson property by whatever method or means.

5. It is understood, and expressly agreed, that the obligations imposed by this Consent Decree shall run with the land and be binding on any and all successors-in-interest to the Nicholson property, whether by purchase or otherwise, and that at least thirty (30) days prior to the transfer of ownership or any other interest in the Nicholson property, defendants Brent Nicholson and Mary K. Nicholson, or other party making such transfer, shall provide written notice and a true copy of this Consent Decree to the putative successor-in-interest and shall simultaneously give notice of the contemplated transfer to the United States Attorney for the Western District of Washington.

### III. ADMISSIONS

6. Defendants Brent C. Nicholson and Mary Katherine Nicholson hereby admit that during the period commencing on or about September 4, 1997 and ending on or about October 4, 1997, they violated Section 301of the Clean Water Act, 33 U.S.C. § 1311, by discharging dredged or fill material into navigable waters of the United States without first having obtained a permit to do so by the ACOE, and are therefore liable under Section 309(d) of the Clean Water Act, 33 U.S.C. 1319(d).

7. Except as otherwise stated in this Consent Decree, nothing in this Consent Decree shall constitute an admission of fact or law by any party.

### IV. SCOPE OF CONSENT DECREE

8. This Consent Decree shall constitute a complete and final settlement of all remaining claims for injunctive relief and civil penalties alleged in the complaint against defendants Brent C. Nicholson and Mary K. Nicholson.

9. It is the express purpose of the parties in entering this Consent Decree to further the objectives set forth in CWA Section 101, 33 U.S.C. § 1251. All obligations in this Consent Decree or resulting from the activities required by this Consent Decree as a consequence of the violation of the Clean Water Act by defendants Brent C. Nicholson and Mary Katherine Nicholson shall have the objective of causing defendants Brent C. Nicholson and Mary Katherine Nicholson to achieve and maintain full compliance with, and to further the purposes of, the CWA.

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS BRENT C. NICHOLSON AND MARY K. NICHOLSON - 5
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

10. This Consent Decree is not and shall not be interpreted to be a permit or modification of any existing permit issued pursuant to Sections 402 or 404 of the CWA, 33 U.S.C. §§ 1342 or 1344, or any other law. Nothing in this Consent Decree shall limit the ability of the ACOE to issue, modify, suspend, revoke or deny any individual permit or any nationwide or regional general permit, nor shall this Consent Decree limit the ability of the ACOE or the Environmental Protection Agency (EPA) to exercise their authority pursuant to Section 404(c) of the CWA, 33 U.S.C. § 1344(c). In all cases, references to the District Engineer in this Consent Decree shall include his or her authorized representatives.

11. This Consent Decree in no way affects or relieves defendants Brent C. Nicholson and Mary Katherine Nicholson of their responsibility to comply with any applicable federal, state, or local law, regulation or permit.

12. This Consent Decree in no way affects the rights of the United States as against any person not a party to this Consent Decree.

13. The United States reserves any and all legal and equitable remedies available to enforce the provisions of this Consent Decree and applicable law.

14. This Consent Decree is not a settlement of, and in no way affects, the rights of the United States to seek penalties injunctive relief, or remedial actions with respect to any violation by defendants Brent C. Nicholson and Mary Katherine Nicholson of federal, state or local laws regulations or permit conditions not alleged in the complaint.

## V. SPECIFIC PROVISIONS

### A. INJUNCTIVE RELIEF

15. Defendants Brent C. Nicholson and Mary Katherine Nicholson are hereby permanently enjoined from taking any actions, or causing others to take any actions, on the Nicholson Property which result in the discharge of dredged or fill material into waters of the United States, as defined by the CWA and regulations promulgated thereunder, except as in compliance with an individual permit issued pursuant to CWA Section 404(a), 33 U.S.C. § 1344(a), or with any applicable general permit issued by the United States Army Corps of Engineers.

16. The ACOE hereby agrees to exercise its authority under Nationwide Permit ("NWP") 32

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS BRENT C. NICHOLSON AND MARY K. NICHOLSON - 6
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

to allow the Nicholson shore defense structure to remain in place. This authorization is subject to the terms and conditions expressed in NWP 32 and in this consent decree. It is understood and agreed by the parties that the extent of the authorization given will be only to maintain the structure in place and that no augmentation, reconfiguration, maintenance, or any other work on the structure is included within this authorization. Any such work may not be undertaken without the advance written permission of the District Commander of the Seattle District, U.S. Army Corps of Engineers, or his or her delegatee. It is also understood that the ACOE may, at its sole discretion, prescribe any terms or conditions on such work that it deems appropriate under the circumstances and may also decide that the proposed work shall not be permitted. Further, nothing in this authorization shall be construed to permit any discharge of any substance or material into waters of the United States.

17. Defendants Brent C. Nicholson and Mary Katherine Nicholson hereby agree that they will enter into a Tidelands Use Agreement with the Lummi Nation on terms acceptable to the Lummi Nation within 30 days of the entry of this consent decree. It is understood and agreed by the parties that any such agreement will be subject to approval by the Bureau of Indian Affairs, United States Department of the Interior ("BIA").

18. If defendants Brent C. Nicholson and Mary Katherine Nicholson fail to obtain a Tidelands Use Agreement from the Lummi Nation as set forth in the preceding paragraph, or should the BIA fail to approve said agreement, they shall be required to remove their shore defense structure, and shall take such other and further measures as may be reasonable and necessary to restore the land waterward of the high tide line to its natural, and unobstructed state.

19. If at any time the Tidelands Use Agreement described in paragraph 17 of this Consent Decree is revoked or terminated for any reason, the authorization under NWP 32 in Paragraph 16 allowing the shore defense structure to remain in place shall also automatically terminate on the same date. Within 90 days of the date of such termination or revocation, defendants Brent C. Nicholson and Mary Katherine Nicholson, or their successors-in-interest, shall be required to remove their shore defense structure, and shall take such other and further measures as may be reasonable and necessary to restore the land waterward of the high tide line as nearly as practicable, to its natural, and unobstructed state. The foregoing will be made a special condition of the NWP 32 authorized by the ACOE pursuant

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS BRENT C. NICHOLSON AND MARY K. NICHOLSON - 7
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

to Paragraph 16 of this Consent Decree. A failure to remove the shore defense structure may be enforced by the United States at its sole discretion as a breach of a NWP 32 condition, a breach of a term of this Consent Decree, a breach of the June 19, 2003, injunction entered in this action, or all of the above.

20. Nothing in this consent decree shall be construed to limit the legal discretion of the ACOE to, at any time, revoke the authorization for the shore defense structure waterward of the Nicholson property to remain in waters of the United States pursuant to NWP 32, as set forth in this Consent Decree and to require its removal in whole or in part. In that event, defendants Brent C. Nicholson and Mary Katherine Nicholson, their representatives, agent, employees, devisees, heirs and assigns, and any other person who shall hereafter acquire an interest in the Nicholson property by whatever method or means shall be obligated to remove the shore defense structure from waters of the United States in the manner directed by the ACOE.

## B. CIVIL PENALTIES

21. Defendants Brent C. Nicholson and Mary Katherine Nicholson shall pay the sum of FIVE THOUSAND Dollars ($5,000.00) as a civil penalty to the United States within 60 days after the date that defendants receive a discharge in bankruptcy or the date of entry of this consent decree, whichever is later. This amount shall not be reduced by any sum defendants Brent C. Nicholson and Mary Katherine Nicholson are required to expend for any necessary modification to their shore defense structure, for initial corrective measures, or for required on-site or off-site mitigation made a condition of the authorization given pursuant to NWP 32. Payment shall be made in accordance with instructions provided to the defendants by the Financial Litigation Unit of the United States Attorney's Office for the Western District of Washington.

22. Civil penalty payments pursuant to this Consent Decree are penalties within the meaning of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), or of 26 C.F.R. § 1.162-21 and are not tax deductible expenditures for purposes of federal law. This civil penalty is a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(7).

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS BRENT C. NICHOLSON AND MARY K. NICHOLSON - 8
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

## C. MITIGATION

23. Defendants Brent C. Nicholson and Mary Katherine Nicholson shall, under the direction of the ACOE, and at their own expense, remove all rock that is not attached to their existing shore defense structure and which is either resting on or settled into the beach waterward of the toe of this structure. This obligation shall be a continuing obligation of defendants, and defendants shall be responsible for removing any such displaced rock at least one time each year. This rock must be removed from the beach and may not be placed anywhere on the shore defense structure or otherwise within waters of the United States. This work should be accomplished in a manner that negates or minimizes adverse impact on the marine environment to the extent possible. This requirement shall be deemed to be a special condition of the NWP 32 authorized by the U.S. Army Corps of Engineers pursuant to this Consent Decree. A failure to remove displaced riprap as set forth in this paragraph may be enforced by the United States at its sole discretion as a breach of a special condition of the NWP 32, a breach of a term of this Consent Decree, a breach of the June 19, 2003, injunction, or all of the above. Within 120 days of the entry of this Consent Decree, defendants Brent C. Nicholson and Mary Katherine Nicholson shall submit to the U.S. Army Corps of Engineers a plan for the removal of toppled or settled rock developed by a licensed engineer who specializes in either coastal engineering or coastal geomorphology. The plan shall be submitted to:

> Ms. Muffy Walker, Chief
> Seattle District Corps of Engineers Regulatory Branch
> Post Office Box 3755
> Seattle, Washington 98124-3755

Among other things, the plan shall designate the rocks to be removed, the method of removal, the time or times during which the removal will occur, the disposal location of the removed rock, an itemization of estimated costs associated with implementation of the plan, an acknowledgment that they will comply with all Lummi Indian Nation permitting requirements before undertaking the work, and a designation of the proposed date or proposed dates upon which the work will be conducted. The plan shall also make provisions for the annual removal of displaced rock. The ACOE will review this plan and either adopt the plan, adopt the plan with modifications, or reject the plan. In the event of a rejection, a revised plan shall be submitted by defendants Brent C. Nicholson and Mary Katherine Nicholson within

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS BRENT C. NICHOLSON AND MARY K. NICHOLSON - 9
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

fourteen days. If the revised plan is also rejected, the ACOE may develop and approve a plan for the removal of isolated rocks waterward of the Nicholson property. It is understood and agreed that the ACOE may consult with other entities including, but not limited to, the Environmental Protection Agency, the National Marine Fisheries Service, the Fish and Wildlife Service, the Lummi Nation, and the State of Washington. Once a plan is approved, defendants Brent C. Nicholson and Mary Katherine Nicholson shall complete the work as set forth in the adopted plan. The adopted plan shall be enforceable in accordance with Section VI of this Consent Decree. If defendants object to the approved plan, they must lodge their objections with the Court in accordance with Section VIII of this Consent Decree, within 21 days of the date of mailing of a copy of the approved plan to defendants Brent C. Nicholson and Mary Katherine Nicholson at the Nicholson property. In the event of such objection, a date for implementation of any plan which emerges after the Court rules on the objection shall be established by the Court after consultation with the parties, which date shall be no later than one year after the date the objection is ruled upon by the Court unless the parties otherwise agree.

## VI. STIPULATED PENALTIES AND ENFORCEMENT OF DECREE

24. Unless excused by the provisions of Section VII (Force Majeure) below, defendants Brent C. Nicholson and Mary Katherine Nicholson shall incur the following stipulated penalties for failure to comply with any requirement of this Consent Decree (except for injunctive relief to which the United States reserves its rights under the CWA). The stipulated penalties shall be paid within five (5) days of the day of non-compliance.

    A. For day 1 up to and including day 30 of non-compliance: $100.00 per day.

    B. For day 30 up to and including day 60 of non-compliance: $500.00 per day.

    C. For day 60 and beyond of non-compliance: $1,000.00 per day.

Said civil penalties are non-dischargeable pursuant to 11 U.S.C. § 523(a)(7).

25. Any stipulated penalties incurred under this Consent Decree shall be paid in accordance with instructions provided to the defendants by the Financial Litigation Unit of the United States Attorney's Office for the Western District of Washington.

26. In the event that defendants Brent C. Nicholson and Mary Katherine Nicholson fail to make timely payment of any of the monies due pursuant to this Consent Decree, interest will be charged

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS BRENT C. NICHOLSON AND MARY K. NICHOLSON - 10
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

in accordance with the rate established by the Secretary of the Treasury pursuant to 31 U.S.C. § 3717, from the time payment is due until the time it is made.

27. Nothing in this Consent Decree shall be construed to limit any other remedies available to the United States for violations of this Consent Decree, such as the institution of contempt proceedings, or any provisions of law, including 33 U.S.C. § 1364. The stipulated penalties set forth above shall not limit the United States' right to apply to the Court for the maximum civil penalties allowed by the CWA per day of violation of the CWA. Any disputes about the liability of defendants Brent C. Nicholson and Mary Katherine Nicholson for stipulated penalties that cannot be resolved by the parties hereto shall be resolved by motion to this Court, in accordance with the Dispute Resolution provisions of Section VIII, below.

## VII. FORCE MAJEURE

28. Defendants Brent C. Nicholson and Mary Katherine Nicholson shall perform the actions required under this Decree within the time limits set forth or approved herein, unless the performance is prevented or delayed solely by events which constitute a Force Majeure event. A Force Majeure event is defined as any event arising from causes beyond the control of Defendants Brent C. Nicholson and Mary Katherine Nicholson, including their employees, agents, consultants and contractors, which could not be overcome by due diligence and which delays or prevents the performance of an action required by this Consent Decree within the specified time period. A Force Majeure event does not include, *inter alia*, increased costs of performance, changed economic circumstances, changed labor relations, normal precipitation or climate events, changed circumstances arising out of the sale, lease or other transfer or conveyance of title or ownership or possession of a site, or failure to obtain federal, state or local permits, but does include the foreclosure of Defendants Brent C. Nicholson and Mary Katherine Nicholson's interest in the Nicholson property.

29. If Defendants Brent C. Nicholson and Mary Katherine Nicholson believe that a Force Majeure event has affected Defendants' ability to perform any action required under this Consent Decree, Defendants Brent C. Nicholson and Mary Katherine Nicholson shall notify the United States in writing within seven (7) calendar days after the event by mailing such notice to the District Commander, U.S. Army Corps of Engineers, Seattle District, and to the United States Attorney for the Western

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS BRENT C. NICHOLSON AND MARY K. NICHOLSON - 11
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

District of Washington. Such notice shall include a discussion of the following:

  A. what action has been affected;

  B. the specific cause(s) of the delay;

  C. the length or estimated duration of the delay; and

  D any measures taken or planned by the Defendants to prevent or minimize the delay and a schedule for the implementation of such measures.

Defendants Brent C. Nicholson and Mary Katherine Nicholson may also provide to the United States any additional information that they deem appropriate to support their conclusion that a Force Majeure event has affected their ability to perform an action required under this Consent Decree. Failure to provide timely and complete notification to the United States shall constitute a waiver of any claim of Force Majeure as to the event in question.

  30. If the United States determines that the conditions constitute a Force Majeure event, then the deadline for the affected action shall be extended by the amount of time of the delay caused by the Force Majeure event. Defendants Brent C. Nicholson and Mary Katherine Nicholson shall coordinate with the U.S. Army Corps of Engineers to determine when to begin or resume the operations that had been affected by any Force Majeure event.

  31. If the parties are unable to agree whether the conditions constitute a Force Majeure event, or whether the length of time for fulfilling the provision of the Consent Decree at issue should be extended, any party may seek a resolution of the dispute under the procedures in Section VIII of this Consent Decree.

  32. Defendants shall bear the burden of proving (1) that the noncompliance at issue was caused by circumstances entirely beyond the control of Defendants and any entity controlled by Defendants, including their contractors and consultants; (2) that Defendants or any entity controlled by Defendants could not have foreseen and prevented such noncompliance; and (3) the number of days of noncompliance that were caused by such circumstances.

## VIII. DISPUTE RESOLUTION

  33. Any dispute arising under or with respect to this Consent Decree shall in the first instance be the subject of informal negotiations among the parties to this Consent Decree for a period of fifteen

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS BRENT C. NICHOLSON AND MARY K. NICHOLSON - 12
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1 (15) working days from the time notice of the existence of the dispute is given. The period for negotiations may be extended by written agreement of the parties to this Consent Decree.

34. If a dispute cannot be resolved by informal negotiation under Paragraph 33, above, then the position advanced by the United States shall be considered binding unless, within fifteen (15) days after the end of the informal negotiations period, defendants Brent C. Nicholson and Mary Katherine Nicholson file a petition with this Court setting forth the matter in dispute, the efforts made by the parties to resolve it, and defendants' proposed resolution. The United States shall have twenty (20) days to file a response to the petition of defendants Brent C. Nicholson and Mary Katherine Nicholson with an alternative proposal for resolution of the dispute. In proceedings on any dispute under this Paragraph, defendants Brent C. Nicholson and Mary Katherine Nicholson shall have the burden of showing that their proposal meets the requirements of this Consent Decree.

35. The filing of a petition asking the Court to resolve a dispute shall not of itself extend or postpone any obligation of defendants Brent C. Nicholson and Mary Katherine Nicholson under this Consent Decree, but the payment of stipulated penalties with respect to the disputed matter shall be stayed pending resolution of the dispute. To the extent defendants Brent C. Nicholson and Mary Katherine Nicholson show that a delay or other noncompliance was due to a force majeure event or otherwise prevail on the disputed issue, stipulated penalties shall be excused.

36. The dispute resolution process set forth above may not be invoked for the purpose of resolving disputes arising under any Tidelands Use Agreement or any other dispute between the Lummi Indian Nation and defendants Brent C. Nicholson and Mary Katherine Nicholson, or their successors in interest.

## IX. CONTINUING JURISDICTION OF THE COURT

37. This Court shall retain jurisdiction over this action in order to enforce or modify the Consent Decree consistent with applicable law or to resolve all disputes arising hereunder as may be necessary or appropriate for construction or execution of this Consent Decree. During the pendency of the Consent Decree, defendants Brent C. Nicholson and Mary Katherine Nicholson or the United States may apply to the Court for any relief necessary to construe and effectuate the Consent Decree not inconsistent with the terms hereof.

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS BRENT C. NICHOLSON AND MARY K. NICHOLSON - 13
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

## X. MODIFICATION

38. Upon its entry by the Court, this Consent Decree shall have the force and effect of a final judgment. Any modification of this Consent Decree shall be in writing, and shall not take effect unless signed by the United States and defendants Brent C. Nicholson and Mary Katherine Nicholson and approved by the Court.

## XI. RULE 54(b) CERTIFICATION

39. There is no just reason for delay and, accordingly, pursuant to Rule 54(b), F.R.Civ.P., this Consent Decree shall be entered as a separate final judgment against defendants Brent Nicholson and Mary K. Nicholson.

## XII. ATTORNEYS' FEES AND COST

40. Each party to this Consent Decree shall bear its own costs and attorneys' fees in this action. Should defendants Brent C. Nicholson and Mary Katherine Nicholson subsequently be determined by the Court to have violated the terms or conditions of this Consent Decree, defendants Brent C. Nicholson and Mary Katherine Nicholson shall be liable for any costs or attorney's fees incurred by the United States in any action against defendants Brent C. Nicholson and Mary Katherine Nicholson for noncompliance with or enforcement of this Consent Decree.

## XIII. APPEALABILITY

41. This consent decree is not appealable by any party.

## XIV. PUBLIC COMMENT

42. Defendants Brent C. Nicholson and Mary Katherine Nicholson consent to the entry of this Consent Decree without further notice. The parties acknowledge that after the lodging and before the entry of this Consent Decree, final approval by the United States is subject to the requirements of 28 C.F.R. § 50.7, which provides for public notice and comment. The United States reserves the right to withhold or withdraw its consent to the entry of this Consent Decree if the comments received disclose facts which lead the United States to conclude that the proposed judgment is inappropriate, improper, or inadequate. Defendants Brent C. Nicholson and Mary Katherine Nicholson agree not to withdraw from, oppose entry of, or to challenge any provision of this Consent Decree, unless the United States has notified defendants Brent Nicholson and Mary K. Nicholson in writing that it no longer supports entry

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS BRENT C. NICHOLSON AND MARY K. NICHOLSON - 14
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

of the Consent Decree.

### XV. RECORDATION

43. A copy of this Consent Decree may be recorded with the Whatcom County Auditor. However, the failure to record this Consent Decree shall not affect its validity.

### XVI. APPROVAL OF BANKRUPTCY COURT

44. The parties to this consent decree jointly represent that this proposed consent decree, in the form hereby presented was reviewed and approved by the United States Bankruptcy Court for the Western District of Washington on August 8, 2011.

IT IS SO ORDERED.

DATED this 8th day of December, 2011.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

**ON BEHALF OF THE UNITED STATES:**

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

JENNY A. DURKAN
United States Attorney
Western District of Washington


/s/ Brian C. Kipnis          DATED: September 28, 2011.
BRIAN C. KIPNIS
Assistant United States Attorney

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS BRENT C. NICHOLSON AND MARY K. NICHOLSON - 15
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

**ON BEHALF OF DEFENDANTS BRENT NICHOLSON AND MARY K. NICHOLSON:**


s/Brent Nicholson                                   DATED: September 1, 2011
BRENT NICHOLSON
Defendant


s/Mary K. Nicholson                                 DATED: September 1, 2011
MARY K. NICHOLSON
Defendant


GROEN STEPHENS & KLING LLP


s/Richard M. Stephens                               DATED: September 13, 2011
RICHARD M. STEPHENS

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS BRENT C. NICHOLSON AND MARY K. NICHOLSON - 16
(C01-0809RBL)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970